Revised October 28, 1998

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-60130

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DONALD SANDERS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi

September 30, 1998

Before KING, SMITH and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Appellant Donald Sanders filed a petition for habeas relief pursuant to 28 U.S.C. § 2255 alleging that the factual basis of his guilty plea to using and carrying a firearm during and in relation to a drug trafficking offense did not satisfy the Supreme Court's standard in *Bailey v. United States*, 516 U.S. 137 (1995). The district court denied relief. We vacate and remand.

1

**FACTS AND PROCEDURAL HISTORY**

Sanders pleaded guilty, pursuant to a plea agreement reached midway through his jury trial, to using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), as well as several drug trafficking offenses. The factual basis for the guilty plea was stated as follows by the government during the guilty plea proceedings:

> On April 3rd, 1991, Agent Craig Taylor and other agents obtained a search warrant for the residence where Donald Sanders lived based on information that he had cocaine and crack cocaine at that location. They executed the search warrant. Agent Taylor had information that Sanders sometimes kept cocaine base hidden outside the house. So he checked the outside of the house and found a path leading from Sanders' residence to the adjoining house which was a vacant house. He obtained -- the agent obtained permission from the owner of that residence to search that residence.
>
> Underneath the residence there was a door where it was boarded up underneath the house which was off the ground, he opened that little door, and underneath there the agent found a Sunbeam bag containing Pringles Potato Chip can. Inside the Pringles can, Agent Taylor found 41.47 grams of cocaine base, 21.4 grams of cocaine powder. The Pringles bag was checked for prints, as well as other bags, and Sanders' fingerprints was found on the Sunbeam bag.
>
> There was a pistol located with the cocaine underneath the house. It was a FIE .38 caliber pistol, the same serial number as described in the indictment. It was there available and accessible to protect the cocaine for Mr. Sanders and was there for no other apparent purpose than in connection with the drug trafficking.

Sanders confirmed the accuracy of the prosecutor's statement. The court found there was a factual basis for Sanders' guilty pleas and that they were informed and voluntary. Sanders was sentenced

2

to the minimum guideline sentence of 235 months followed by the statutorily mandated consecutive 60 month sentence for the firearm violation. Ten remaining counts were dismissed.

Sanders appealed his conviction and sentence. His trial counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 783 (1967), which did not raise his current objection to his § 924(c) conviction. This court determined the appeal had no issue of "arguable merit" and dismissed it with an unpublished opinion. *United States v. Sanders*, No. 92-7781 (5th Cir. May 4, 1993).

On January 22, 1996, Sanders filed a *pro se* 28 U.S.C. § 2255 motion arguing that his firearm conviction under § 924(c) was unsupportable under *Bailey v. United States*, 516 U.S. 137 (1995). The district court relied on another Mississippi district court's opinion which held, "By admitting that he moved a firearm from one location to another location to store it near drugs, a defendant would have admitted guilt under the 'carry' prong of 924(c)." *United States v. Wainuskis*, 942 F. Supp. 1101, 1105 n.1 (S.D.Miss. 1996). The district court concluded that the facts in Sanders's case mirror the facts in *Wainuskis* and, applying the logic of that case, sustained Sanders's sentence based on the "carry" prong of § 924(c).

### STANDARD OF REVIEW

We review a district court's denial of a § 2255 motion under two standards. The factual finding that there is an adequate basis

for the plea is reviewed for clear error.  *United States v. Rivas*, 85 F.3d 193, 194 (5th Cir. 1996).  We review the district court's conclusions of law *de novo*.  *United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994).

**ANALYSIS**

Sanders's judgment reflects that he pleaded guilty to and was convicted for "**use** of a firearm during and in relation to a drug trafficking crime." (emphasis added).  Sanders contends, and the Government does not dispute, that the factual basis of Sanders's plea does not support a conviction for "use" under the analysis set forth in *Bailey*.  However, because Sanders pleaded guilty to an indictment stating that he "did knowingly...carry and use a firearm" the Government is only required to establish a factual basis for one of the acts charged, i.e., the use prong or the carry prong.  *See Turner v. United* States, 396 U.S. 398, 420-21 (1970).  Thus, the challenged conviction may stand if the "carry" prong of § 924(c) is satisfied.  *Id.*

Pursuant to the Supreme Court's recent opinion in *Bousley v. United States*, ___ U.S. ___, 118 S. Ct. 1604 (1998), a petitioner can successfully petition for § 2255 relief after a guilty plea only if: (1) the plea was not entered voluntarily or intelligently, *see id.* at 1610-11, or (2) the petitioner establishes that he is actually innocent of the underlying crime.  *See id*. at 1611-12.

In *Bousley*, a petitioner collaterally attacked his § 924(c)(1)

4

conviction pursuant 28 U.S.C. § 2255. *See id.* at 1608-09. Based on the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995) -- rendered following his guilty plea -- the petitioner argued that his plea was not knowingly or intelligently entered. *See Bousley*, 118 S. Ct. at 1609.

The Court refused to addressed whether the plea was entered knowingly and intelligently, because Bousley had procedurally defaulted by failing to challenge the validity of his plea on direct review. *See id.* at 1610. In order to overcome this procedural default, the Supreme Court required Bousley to show cause and prejudice or to demonstrate his actual innocence. *See id*. at 1611. Further, the Court ruled that Bousley was unable to show cause for his default, rejecting Bousley's claims that prior to the Supreme Court's decision in *Bailey,* a *Bailey*-type attack on § 924(c)(1) conviction was novel or futile. *See Bousley* at 1611. Thus, the fact that the law was unsettled, or settled incorrectly in petitioner's circuit, did not excuse the petitioner's failure to directly attack the validity of his plea. *See id.*

Next, the Court articulated the standard for showing actual innocence. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *See Bousley*, 118 S. Ct. at 1611 (internal quotation marks omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). The

5

Court distinguished actual innocence from mere legal insufficiency. *See Bousley*, 118 S. Ct. at 1611. Moreover, the Court noted that the Government could produce any admissible evidence of Bousley's guilt in order to sustain the underlying conviction -- not merely the evidence presented during the plea colloquy. *See id.* at 1611-12. With these standards established, the Court remanded the action to allow Bousley the opportunity to establish his actual innocence. *See id.* at 1612.

Like Bousley, Sanders failed to challenge the validity of his guilty plea on direct appeal and has procedurally defaulted on the challenge. In order to overcome this default, Sanders must establish cause and prejudice or actual innocence. In the wake of *Bousley*, Sanders's cause and prejudice argument is foreclosed. Sanders's only remaining claim is that he is actually innocent of the charged crime.

The Supreme Court in *Bailey* did not elucidate the meaning of the word "carry." *See United States v. Harlan*, 130 F.3d 1152, 1152 (5th Cir. 1997). However, in *Muscarello v. United States*, 118 S. Ct. 1911 (1998), the Supreme Court held that "a person who knowingly possesses and conveys firearms in a vehicle, including in the locked glove compartment or trunk of a car," carries that weapon in violation of § 924(c). *Muscarello* does not control the outcome of this case because there is no indication that Sanders carried the gun in a vehicle. However, *Muscarello* informs our

decision with extensive discussion of the congressional intent behind the choice of the term "carry" in § 924(c). "Congress intended to use the word in its primary sense.... " *Muscarello*, 118 S. Ct. at 1914. *See* Webster's Third New International Dictionary 343 (1986)(first definition: "move while supporting (as in a vehicle or in one's hands or arms)"). Thus, "carry" is to be construed broadly, *see Muscarello*, 118 S. Ct. at 1918, and is not limited to situations where the firearm is "immediately accessible." *Id.* at 1919.

We conclude that Sanders's conviction cannot be sustained on the record before us under the "carry" prong of § 924(c). The firearm was lying under a porch three feet from where Sanders hid his cocaine. The evidence did not tie the gun to Sanders by fingerprints, registration, testimony or admission. The evidence is not sufficient to establish that Sanders had ever moved it in any fashion. The district court's finding that there was an adequate factual basis in the record to support the guilty plea is clear error. We therefore VACATE the district court's denial of Sanders' § 2255 motion, and REMAND this matter to the district court, pursuant to the dictates of *Bousley,* 118 S. Ct. at 1612, to afford the petitioner and the Government the opportunity to present any relevant evidence on the the issue of Sanders's actual innocence.

VACATED AND REMANDED.