WISDOM, Senior Circuit Judge:
I. Introduction
Rudy Villarreal Torres pleaded guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a), and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c).[1] A chrome-plated .38-caliber handgun and the heroin were found under the driver’s seat in Torres’s car. The district court sentenced Torres to a 51-month term of imprisonment on the drug count and a 60-month term of imprisonment on the firearm count. The sentences were to be served consecutively and were to be followed by a three-year period of supervised release. Torres did not file a direct appeal.
Torres filed a pro se motion under 28 U.S.C. § 2255 challenging his § 924(c)(1) firearm conviction. He asserted that the conviction could no longer stand in the wake of the Supreme Court’s interpretation of § 924(c)(1) in Bailey v. United States,[2] a ease decided after his conviction.[3] In Bailey, the Court held that the Government, to sustain a conviction under the “use” prong of 18 U.S.C. § 924(c)(1), must prove that a defendant actively employed a firearm during the predicate drug offense.[4] Torres’s argument, construed liberally,[5] is that Bailey undermined the factual basis for his guilty plea to the firearm count, and thus rendered his conviction thereunder unsupportable.
In its response, the Government asserted that because Torres could have raised his assertion that the factual basis did not support his guilty plea to “carrying” a firearm *911 on direct appeal, his claim was procedurally barred. Additionally, the Government maintained that even if the court were to reach the merits of Torres’s claim, the facts supported his conviction for carrying a firearm.
Without addressing the question of procedural bar, the magistrate judge recommended that Torres’s motion be denied on the grounds that his reliance on Bailey was misplaced, and that the facts supported his guilty plea. Relying on Torres’s guilty plea and the admittance of the factual statement offered at the guilty plea hearing, the magistrate judge concluded that Torres admitted to “carrying” a firearm as contemplated by § 924(c)(1). Over Torres’s objections, the district court adopted the magistrate judge’s report and recommendation and denied § 2255 relief. Torres timely filed his notice of appeal. For the reasons that follow, we affirm.
II.Background
On the morning of August 17, 1990, Bexar County, Texas, deputy sheriffs were conducting surveillance outside a San Antonio residence that was the subject of a search warrant. During the course of their surveillance, the deputies observed Torres walk from the residence to a ear parked in the driveway. He retrieved a brown paper bag from the trunk of the car and returned to the residence. Two hours later, Torres and a female companion exited the residence and approached two cars in the driveway. The deputies blocked the driveway, surrounded Torres, and advised him and his companion of the search warrant. After the deputies issued Miranda warnings, Torres agreed to cooperate and showed the deputies bags of heroin that were hidden in his car under the driver’s seat and under the dashboard. He also pointed to the handgun under the driver’s seat. He admitted ownership of both the heroin and the handgun. The deputies’ search of the car and residence yielded $11,-061 in currency and approximately 200 grams of heroin. Torres told the deputies that the money was generated by his heroin sales over the previous two days.
III.Standard of Review
We review the district court’s findings of fact in relation to a motion filed under a § 2255 for clear error, and we review questions of law de novo.[6]
IV.Discussion
We first confront the procedural barrier to considering Torres’s Bailey claim. In the instant case, Torres did not file a direct appeal. Consequently, we must consider the government’s procedural default argument before proceeding to the merits of Torres’s appeal. In general, “[i]t is well settled that where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the petitioner can first demonstrate either (1) cause and prejudice, or (2) that he is ‘actually innocent’ of the crime for which he was convicted.”[7] With specific regard to Bailey claims, however, a defendant’s means of overcoming procedural default is more limited. Under our decision in United States v. Sorrells,[8] a petitioner asserting a Bailey claim must rely on the “actual innocence” prong of the standard to overcome a procedural default.[9] Because Torres did not raise his arguments at trial or on direct appeal, we apply this standard of review to the instant case.[10]
*912 In essence, then, Torres can only-overcome his procedural default if he establishes that he was “actually innocent” of his § 924(c)(1) conviction.[11] This standard imposes a heavy burden on a petitioner.[12] “To establish actual innocence, [the] petitioner must demonstrate that, ‘in light of all the evidence,’ ‘it is more likely than not that no reasonable juror would have convicted him.’ ”[13] Indeed, “ ‘actual innocence’ means factual innocence, not mere legal insufficiency.”[14] Consequently, we will reverse Torres’s firearm conviction only if he can demonstrate, based on all of the evidence, that “it is more likely than not that no reasonable juror would have convicted.”[15]
In the case at bar, Torres cannot demonstrate that he is “actually innocent.”[16] Torres owned the car in which the firearm was found. He admitted that he owned the heroin found in the car. He admitted that he owned the firearm found under the driver’s seat. Torres was arrested, not at his own home, but at the home of his companion. Based on these facts, it is reasonable that a juror could have inferred that Torres did, in fact, “carry” the firearm during and in relation to the drug-trafficking offense.[17] It cannot be said that “it is more likely than not that no reasonable juror would have convicted.” [18] Accordingly, Torres fails to overcome his procedural default, and we need not reach the merits of his Bailey claim.[19]
*913 Torres also raises an ineffective assistance of counsel claim. This claim is without merit. “The benchmark for judging any claim of ineffectiveness must be whether counsel’s conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.”[20] To prevail on such a claim, a petitioner must demonstrate that (1) his counsel’s performance was deficient and (2) that this deficient performance prejudiced his defense.[21] To satisfy the first requirement, the petitioner must show “that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the [petitioner] by the Sixth Amendment.”[22] As to the second requirement, the petitioner must demonstrate “that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable.”[23]
In the instant case, Torres has neither shown, nor does the record indicate, that his counsel’s assistance was constitutionally substandard. Torres therefore fails to satisfy the first prong of the Strickland test, and we need not determine whether he has suffered prejudice.
V. Conclusion
For the foregoing reásons, we find that the petitioner failed to overcome his procedural default, and did not receive ineffective assistance of counsel. The judgment of the district court is
AFFIRMED.

. The statute reads, in pertinent part: "Whoever, during and in relation to any crime of violence or drug trafficking crime for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years.”

. 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

. Like most other courts of appeal, we have held that Bailey retroactively applies to cases pending on collateral review. See United States v. Sorrells, 145 F.3d 744, 748-49 (5th Cir.1998). "Although Bailey itself is a non-constitutional case involving the statutory interpretation of § 924(c)(1), we have held that petitioners asserting that a § 924(c)(1) conviction is invalid in light of Bailey can properly bring their claims in a § 2255 motion.” Id. at 749; United States v. Gobert, 139 F.3d 436, 438-39 (5th Cir.1998) ("Even though Bailey itself is a statutory, non-constitutional case, it does not necessarily follow that a prisoner's post-Bailey petition for collateral relief sounds in statutory, non-constitutional law.”).

. Bailey, 516 U.S. at 150, 116 S.Ct. 501.

. We construe liberally the claims of pro se appellants. Johnson v. Atkins, 999 F.2d 99, 100 (5th Cir.1993).

. Gohert, 139 F.3d at 437.

. Sorrells, 145 F.3d at 749 (citing Bousley v. United States, 523 U.S. 614,-, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998)).

. 145 F.3d 744 (5th Cir.1998).

. Id. at 749-50 (citing Bousley, 523 U.S. at-, 118 S.Ct. at 1611). In Sorrells, we had occasion to examine the impact of the Supreme Court’s Bousley decision on the standard for overcoming procedural default in the context of Bailey claims. In Sorrells, we noted that Bousley had altered a "relatively straightforward” standard, as the Court had "clarified that a petitioner seeking collateral review for a Bailey claim must demonstrate 'factual innocence’ if he failed to raise the issue on direct appeal.” Id. at 750 (citing Bousley, 523 U.S. at -, 118 S.Ct. at 1611) (emphasis added).

.The district court's failure to consider the Government's argument that Torres's § 2255 petition was barred by procedural default and its denial of § 2255 relief on an alternate ground does not constitute reversible error. Indeed, any such error by the district court is harmless, and the court may find Torres's claim procedurally barred as an independent ground supporting af-firmance. See Sorrells, 145 F.3d at 751 n. 5 ("[W]here the standard of review on appeal *912 would be identical because of the petitioner's procedural default, the record is fully established ..., and neither party seeks a remand for a determination on the abuse of the writ question, the district court’s error is undoubtedly harmless.”).

. See id. at 750 (citation omitted); Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639 (1986) ("[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeus court may grant the writ even in the absence of a showing of cause for the procedural default.”).

. See Sorrells, 145 F.3d at 750 (citation omitted).

. Bousley, 523 U.S. at-, 118 S.Ct. at 1611 (quoting Schlup v. Delo, 513 U.S. 298, 327-28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)).

. Id.

. Id. We apply this "reasonable juror” standard even though the petitioner's conviction was obtained pursuant to a guilty plea. In Bousley, the Supreme Court noted that, to establish actual innocence, the petitioner, who was convicted as a result of a guilty plea, “must demonstrate that ... it is more likely than not that no reasonable juror would have convicted him.” Id.

. It is worth noting that Torres has not, at any point, asserted that he is "actually innocent.” He did not assert "actual innocence” on direct appeal, in his § 2255 motion, in his appellate brief, in his supplemental brief, or in his "Traverse” brief.

. The phrase, "carries a firearm,” in § 924(c)(1) is not limited to the carrying of firearms on one's person. Muscarello v. United States, —• U.S.-,-, 118 S.Ct. 1911, 1913, 141 L.Ed.2d 111 (1998). Indeed, the phrase "also applies to a person who knowingly possesses and conveys firearms in a vehicle” in relation to a drug offense. Id.

. Bousley, 523 U.S. at-, 118 S.Ct. at 1611.

. It may be argued that the Supreme Court’s decision in Bousley requires that we vacate the judgment of the district court and remand the case to it for the "actual innocence" determination we have just made. Bousley is distinguishable, however. In Bousley, the defendant pleaded guilty to "using” a firearm. After he entered his plea, he sought § 2255 relief on the basis that his guilty plea was not knowing and intelligent because he was misinformed by the district court as to the nature of the charged crime. Specifically, he argued that neither he, nor counsel, nor the court correctly understood the essential elements of the crime with which he was charged. The district court dismissed the defendant's § 2255 motion, and he appealed. While this appeal was pending, the Supreme Court issued its opinion in Bailey, which interpreted the "use” prong of 18 U.S.C. § 924(c). The main issue in Bousley was whether a defendant could rely on Bailey in support of his claim that his guilty plea was constitutionally infirm. See id. at-- -, 118 S.Ct. at 1607-10. The Court held that "it would be inconsistent with the doctrinal underpinnings of habeus review to preclude [the defendant] from relying on ... Bailey in support of his claim that his guilty plea was constitutionally invalid.” Id. at -, 118 S.Ct. at 1610. Though the defendant had procedurally defaulted, the Court maintained that his claim could still be reviewed if he could establish that the constitutional error in his plea colloquy had "probably resulted in the conviction of one who is actually innocent.” Id. at-, 118 S.Ct. at 1611 (quoting Murray, 477 U.S. at 496, 106 S.Ct. 2639). The Court then remanded the case to permit the defendant to attempt to make a show *913 ing of actual innocence. Id. Here, in contrast to the defendant in Bousley, Torres argues that Bailey, itself, renders his conviction suspect. That is, were it not for Bailey, Torres would have no gripe with the district court's acceptance of his guilty plea. In Bousley, on the other hand, the defendant did not rest his claim that his plea was not knowing and voluntary on Bailey.

. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

. Id. at 687, 104 S.Ct. 2052.

. Id.

. Id.