**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 97-50302**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**JAMES STEPHEN JONES,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Western District of Texas

_____

April 13, 1999

Before GARWOOD, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:

James Stephen Jones ("Jones"), a federal prisoner, appeals the denial of his *pro se* 28 U.S.C. § 2255 motion, in which he challenges his conviction for using and carrying a firearm in relation to the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Jones, who pleaded guilty to this crime, contends that there is an insufficient factual basis for his § 924(c)(1) conviction in light of the Supreme Court's intervening decision in *Bailey v. United States*, 516 U.S. 137

(1995).

I.

In 1991, Jones was under investigation on suspicion that he was operating a methamphetamine laboratory from his Winnebago motor home. On April 3, 1991, federal agents from the Drug Enforcement Agency were conducting surveillance on Jones' Winnebago, which was parked on a rural lot near Bellmead, Texas. While watching that location the agents observed Jones leaving the rural lot in another vehicle occupied by Daniel Ray Meier ("Meier"), who was later indicted with Jones as a codefendant. The federal agents then stopped Jones' vehicle at a highway intersection, and soon noticed that Jones and Meier smelled of chemicals used to manufacture methamphetamine. A subsequent search of the car revealed several rounds of ammunition for a .223 Ruger rifle.

While federal agents detained Jones and Meier, other federal agents executed a search warrant on Jones' Winnebago and a small trailer parked at the same location. The search of the Winnebago produced a .223 Ruger rifle, a .357 revolver, various chemicals and chemical recipes, and other paraphernalia used to manufacture methamphetamine. The search of the small trailer revealed a fully constructed methamphetamine laboratory, including numerous chemicals needed for the manufacture of methamphetamine. A later search of Jones' residence in Waco, Texas, uncovered several

2

chemical books and recipes.  Also, a Winchester rifle, a .25 caliber pistol, and .22 grams of methamphetamine were recovered from Jones' bedroom.

After the government presented those facts at Jones' guilty plea hearing, the district court accepted Jones' plea to using and carrying a firearm in violation of 18 U.S.C. § 924(c).[1]  The district court subsequently sentenced Jones to 200 months imprisonment, with a consecutive sentence of 60 months for the § 924(c) violation.  On April 12, 1993, this Court denied Jones' direct appeal in an unpublished opinion. *United States v. Jones*, No. 91-8630 (5th Cir. Mar. 18, 1993).  On December 16, 1996, Jones filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging his firearm conviction.  On April 8, 1997, the district court denied Jones' habeas corpus petition on the grounds that (1) his petition was time-barred, (2) his petition was procedurally defaulted, and (3) there was sufficient evidence supporting Jones' guilty plea for using and carrying a firearm during and in relation to a drug trafficking crime.  After the district court denied Jones' motion for a certificate of appealability, he moved this Court for a certificate, which we

---

[1]    Jones also pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g); aiding and abetting in the attempted manufacture of between 100 and 1000 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and constructive possession of a stolen firearm in violation of 18 U.S.C. § 922(j).

granted.

## II.

We review the district court's denial of Jones' § 2255 motion under two standards. The district court's factual finding that there is an adequate basis for the plea is reviewed for clear error. *United States v. Rivas*, 85 F.3d 193, 194 (5th Cir.), *cert. denied*, 117 S. Ct. 593 (1996). We review the district court's conclusions of law *de novo*. *United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994).

## III.

In denying Jones' habeas corpus petition, the district court found that Jones' petition was time-barred by recent amendments to § 2255, enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996, which established a one-year limitations period for § 2255 motions. *See* 28 U.S.C. § 2255. The district court's conclusion is incorrect given the facts of this case.

Although § 2255 does contain a one-year time limit for filing a § 2255 motion, we have consistently held that when a defendant's conviction became final before the enactment of AEDPA, the one-year limitations period begins to run from April 24, 1996, the effective date of AEDPA. *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 846 (1999). In this case,

Jones was convicted in 1991, well before AEDPA's effective date. Thus, under our stated rule Jones had until April 24, 1997, to file his § 2255 motion. Because Jones filed the motion on December 16, 1996, he did not exceed the one-year limitations period. The district court's finding that his petition is time-barred is mistaken.

IV.

On appeal, Jones argues that his guilty plea must be vacated because there is insufficient evidence in light of **Bailey** that he "used or carried" a firearm. In **Bailey**, the Supreme Court held that a person cannot be convicted of "use" under § 924(c)(1) for merely possessing a firearm; the person must actively employ the firearm. **Bailey**, 516 U.S. at 144. The district court rejected Jones' argument, finding that it was procedurally barred because Jones never raised it on direct appeal.

It is well settled that when a habeas petitioner has procedurally defaulted a challenge to his guilty plea by failing to raise it on direct appeal, the claim may be raised in a § 2255 motion only if the petitioner can first demonstrate (1) cause and prejudice, or (2) that he is "actually innocent" of the crime for which he was convicted. *See* **Bousley v. United States**, 118 S. Ct. 1604 (1998); **United States v. Torres**, 163 F.3d 909, 911 (5th Cir. 1999). After the Supreme Court's decision in **Bousley**, however,

5

Jones cannot rely on a cause and prejudice argument to escape procedural default. *See* **United States v. Sanders**, 157 F.3d 302, 305 (5th Cir. 1998). Thus, he must establish actual innocence in order to secure relief.

Actual innocence means "factual innocence, and not mere legal insufficiency." **Bousley**, 118 S. Ct. at 1611. To prove actual innocence, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (citations and quotations omitted). Significantly, the government "is not limited to the existing record to rebut any showing that petitioner might make." *Id.* at 1611-12. The government is allowed "to present any admissible evidence of petitioner's guilt even if that evidence was not presented during the petitioner's plea colloquy and would not normally have been offered before our decision in **Bailey**." *Id.* at 1612.

Jones argues on appeal that he is actually innocent of both using and carrying a firearm during and in relation to a drug trafficking crime. In pressing that claim Jones contends that the government presented no evidence at the plea colloquy that establishes "use" under **Bailey**, or "carry" under **Muscarello v. United States**, 524 U.S. 125 (1998). He underscores the fact that he was stopped and arrested several miles from the nearest recovered firearm.

6

To rebut Jones' claim of actual innocence, the government refers to facts that were not presented at the plea colloquy; specifically, testimony presented at the Jones' preliminary hearing and sentencing hearing, and facts contained in Jones' presentence report. According to the government, that additional evidence demonstrates that Jones owned the Winnebago; that Jones used the Winnebago to conduct a mobile methamphetamine operation; and that on April 2, 1991 -- one day before Jones' arrest -- Jones traveled one mile east in the Winnebago. The government asserts that from this circumstantial evidence it could reasonably be inferred that Jones carried the two firearms recovered from the Winnebago during and in relation to a drug trafficking crime.

Having reviewed the transcript of the plea colloquy, we find no evidence that Jones actively "used" any of the four recovered firearms in a manner consistent with **Bailey**. Similarly, looking solely at the transcript of the plea colloquy, we find scant evidence that Jones carried the two firearms recovered from his bedroom, or that he carried the two firearms recovered from the Winnebago. We note, however, that the district court denied Jones' § 2255 motion without considering Jones' claim of actual innocence, and without considering the additional evidence relied on by the government in this appeal. Thus, in accordance with the dictates of **Bousley**, we vacate the district court's denial of Jones' § 2255 motion, and remand this action to the district court for an

7

evidentiary hearing where Jones and the government may present all relevant evidence on the issue of Jones' actual innocence.