IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50529
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NASSER ASSED,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
No. W-90-CR-1-1

_____

August 23, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Nasser Assed, federal prisoner #52420-080, appeals from the district court's judgment denying his 28 U.S.C. § 2255 motion to set aside his conviction. The district court did not specify the issue on which it granted a COA. In granting a COA, the district court must state the specific issue or issues that satisfy the criterion for granting a COA. 28 U.S.C. § 2253(c)(3). The district court's failure to specify the issue does not impede consideration of this appeal because there was only one issue in

_____

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the § 2255 motions and thus only one that could be the subject of a COA. See Else v. Johnson, 104 F.3d 82, 83 (5th Cir. 1997).

Assed contends that his guilty plea conviction for using a firearm during a drug trafficking crime, 18 U.S.C. § 924(c), should be vacated in the light of the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995). He argues that he is actually innocent because the factual basis presented by the government does not support his conviction under the "use" prong of § 924(c) as defined in Bailey. A review of the plea colloquy supports Assed's claim.

Assed, however, procedurally defaulted this claim by failing to raise it in his direct appeal. See United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991)(en banc). In the light of the Supreme Court's decision in Bousley v. United States, 523 U.S. 614 (1998), Assed cannot rely on a cause-and-prejudice argument to overcome procedural default. See United States v. Sanders, 157 F.3d 302, 305 (5th Cir. 1998). He must establish his actual innocence of the § 924(c) violation to secure relief. See United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999). Because the district court denied Assed's § 2255 motion without considering his claim of actual innocence, in accordance with the dictates of Bousley, we VACATE the district court's denial of Assed's § 2255 motion and REMAND this action to the district court for a determination whether Assed is actually innocent of the § 924(c) violation. See Jones, 172 F.3d at 384-85.

VACATED and REMANDED.