IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-40150
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

-vs-

GETZELL JOHNSON MURRELL, JR.,

Defendant-Appellant,

_____

Appeal from the United States District Court
Eastern District of Texas
(6:92cr75(01))
_____
June 23, 2000

Before WIENER and STEWART, Circuit Judges, and LITTLE, District
Judge.[*]

LITTLE, District Judge:[**]


Appellant challenges the legitimacy of his conviction by way

of 28 U.S.C. § 2255.  Because his claim is procedurally barred, we

AFFIRM the district court's denial of habeas relief.

[*] District Judge of the Western District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FACTUAL AND PROCEDURAL BACKGROUND

Murrell's post conviction complaints have been entertained by this Court on two separate occasions and denied in two separate unpublished opinions. *See United States v. Murrell*, No. 93-05008 (5th Cir. 11 Feb. 1994), *cert. denied*, 513 U.S. 830 (1994); *United States v. Murrell*, No. 94-41185 (5th Cir. 20 Apr. 1995). We need not revisit in detail the admittedly heinous activities conducted by appellant in the fall of 1992. Bobbing in the wake of his outrage are injury, death, and destruction. Our attention is limited to the sole issue authorized by the Certificate of Appealability emanating from this Court.

In March of 1993, appellant entered a guilty plea to two counts of arson, both in violation of 18 U.S.C. § 844(I). We confine our scrutiny to the guilty plea entered as to one of the arson counts.

The grandparents of Murrell's former spouse occupied a home in or near the rural town of Mountalba, Texas. Murrell fired a flare into the dwelling, which incendiary act produced not only property damage but also the death of one of the inhabitants.

Subsequent to the acceptance of his guilty plea on the arson count, Murrell was sentenced to ten years for this offense. Murrell appealed. The appeal was denied by this court on 11 February 1994. The details of the appeal are not noteworthy. What is relevant and material to our consideration today is the absence

in that appeal of any challenge to the constitutionality of 18 U.S.C. § 844(i) as applied to the appellant. In the instant case, Murrell suggests that the arson statute is bottomed on Congress' authority to regulate commerce under the Commerce Clause. *See* 18 U.S.C. § 844(i) (indicating that destroyed property must be "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce"). The Mountalba, Texas home has an imperceptible effect on interstate commerce and the firing of that establishment is not illegal under federal law, or so the argument states. The judgment from the district court, in response to Murrell's § 2255 motion, recognized that the change of plea colloquy specifically covered the interstate connection to the activities conducted on the fired premises by the owners of the premises. Specifically, Murrell acknowledged the extent of the interstate commerce activity that justified application of the arson statute.

STANDARD OF REVIEW

We review a district court's denial of a § 2255 motion under two standards. The district court's factual findings are not disregarded unless they are clearly erroneous. *See United States v. Rivas*, 85 F.3d 193, 194 (5th Cir.), *cert. denied*, 519 U.S. 1033

3

(1996).  We review the district court's conclusions of law *de novo*. *See United States v. Faubion*, 19 F.3d 226, 228 (5th Cir.1994).

DISCUSSION

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."  *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotation marks omitted). Appellant did not present the instant claim on direct appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'"  *Id*., 523 U.S. at 622 (citations omitted); *see also United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).  Appellant does not attempt to demonstrate cause for his failure to raise this issue on direct appeal.  Appellant does however contend that "the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent.'"  *Bousley*, 523 U.S. at 623 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).[1]

_____

[1] Appellant argues that the government failed to object to magistrate's findings in this regard so the government is proscribed from doing so before this court. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (holding that party may not attack on appellate review unobjected-to factual findings and legal conclusions made by the magistrate except on grounds of plain error).  This contention is unavailing.  The magistrate and the district court judge did not evaluate the government's procedural default arguments.  In her report and recommendation, the magistrate paused only to "not[e] that Section 2255 is not a substitute for an appeal.  ...  [A] movant may not raise constitutional or jurisdictional issues for the first time on collateral review without establishing both cause for his procedural default and actual prejudice resulting from the error."  REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE,

4

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (internal quotation marks omitted) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also United States v. Sanders*, 157 F.3d 302, 305 (5th Cir. 1998). Appellant was convicted under 18 U.S.C. § 844(i) which provides in pertinent part:

> Whoever maliciously damages or destroys, or attempts to damage or destroy by means of fire or an explosive, any building, vehicle, or other real or personal property *used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce* shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both ....

18 U.S.C. § 844(i) (emphasis added). Appellant argues that he is actually innocent of this offense because the home he burned down lacked the nexus with interstate commerce required by 18 U.S.C. § 844(i). At the change of plea hearing on March 30, 1993, appellant acknowledged the following to be an accurate recital of the circumstances surrounding his crime:

> This residence was a rural residence there in Anderson County, and the several people that lived there -- It was used as sort of a family farm. They had chickens and guinea hens and that sort of thing and supported themselves in part from the sale of those farm animals, and they bought supplies from a local store down the road for this business from a local store that obtained those

---

No. 6:97cv382, at *5 (E.D.Tx Oct. 27, 1998). This is the sum total of the magistrate's review of the government's procedural default argument. In deciding for the government on the merits, the magistrate simply made no factual findings or legal conclusions on the procedural issue to which the government could object.

5

supplies from other state sources, things like PVC pipe
and animal feed, so that's the interstate nexus on Count
8.

Appellant does not challenge the accuracy of these statements. Instead, appellant argues that "sort of a family farm" does not rise to the level of proof demanded by *United States v. Lopez*, 514 U.S. 549 (1995); he is therefore actually innocent. He argues that the government was required to show that the residence he burned had a *substantial* effect on interstate commerce.

This court has not required proof of substantial effect on interstate commerce by each piece of destroyed property. *See United States v. Johnson*, 194 F.3d 657, 660 (5th Cir. 1999) ("[The] individual act of arson need not have a substantial impact on interstate commerce, so long as arsons of property used in interstate commerce or in activities affecting interstate commerce, in the aggregate, substantially impact interstate commerce."). But this does not mean that no proof of the interstate commerce element is necessary for conviction. In recently overturning the conviction of a man that destroyed a purely private residence, the Supreme Court required the property destroyed to have been *used* in a commerce-affecting activity. "[The] qualification ['used'] is most sensibly read to mean active employment for commercial purposes, and not merely a passive, passing, or past connection to commerce. Although variously defined, the word use, in legislation as in conversation, ordinarily signifies active employment."

6

*Jones*, No. 99-5739, 2000 WL 645885, *5 (May 22, 2000) (internal quotation marks omitted). *See also, Russell v. United States*, 471 U.S. 858 (1985) (holding that 18 U.S.C. § 844(i) properly applied to arson of two-unit apartment building). Appellant does not deny that the residence he burned down was "used" in an activity affecting commerce; he denies only that the property had a substantial impact on interstate commerce. It may be unconstitutional for the federal arson statute to be applied to his offense, but the relevant inquiry in terms of actual innocence is a statutory one, namely, did he commit the crime as described by the statute? Appellant does not demonstrate that he did not commit the crime; he therefore does not establish the actual innocence necessary for this Court to entertain his constitutional claim.

For the foregoing reasons, we AFFIRM the decision of the district court to deny habeas relief to the appellant.