# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

————————

m. 99-10780
Summary Calendar

————————

PAUL LEE STRASS,

Petitioner-Appellant,

VERSUS

GARY L. JOHNSON,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Texas
(6:99-CV-50-C)

————————————

July 25, 2000

Before SMITH, PARKER, and DENNIS,
    Circuit Judges.

PER CURIAM:[*]

————————————————

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

   Paul Strass appeals a judgment dismissing his 28 U.S.C. § 2254 habeas petition as time-barred under 28 U.S.C. § 2244(d).  Because Strass is unable to demonstrate actual innocence, we need not decide whether actual innocence either equitably tolls or is an exception to the § 2244(d) limitations period, and we therefore affirm.

## I.

Strass pleaded guilty to aggravated sexual assault, was sentenced, and did not appeal. He filed two state applications for habeas relief, followed by the instant § 2254 petition. The district court correctly calculated that Strass's petition was filed over four months after the applicable limitations period had expired, and therefore dismissed his petition as time-barred. The district court denied a certificate of appealability ("COA"), but we granted COA because Strass had made some showing that he is actually innocent, and this court had not determined whether actual innocence either equitably tolls the limitations period or constitutes an exception to the limitations bar.[1]

Strass's conviction of aggravated sexual assault requires that his victim be under the age of fourteen. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B). The indictment charges that Strass sexually assaulted a "child . . . 14 years of age or younger" "on or about the 6th day of June, . . . 1990." Strass argues that he is innocent of the crime of conviction because police reports give the victim's birth date as February 8, 1976, making the victim more than fourteen as of June 6, 1990.

## II.

Strass tries to supplement the record with evidence of the filing of a prior § 2254 petition, arguing that the additional tolling would render timely the instant filing. We granted COA only on Straus's actual innocence contention, and therefore his

supplemental issue is not before this court. *See United States v. Williamson*, 183 F.3d 458, 464 n.11 (5th Cir. 1999); *McBride v. Johnson*, 118 F.3d 432, 436 (5th Cir. 1997).[2] The motion to supplement the record is DENIED.

## III.

We follow *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 113-14 (2d Cir. 2000), in declining to decide whether actual innocence is an exception to the § 2244(d) limitations period where the petitioner has failed to demonstrate actual innocence. To establish actual innocence, a petitioner must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted); *United States v. Torres*, 163 F.3d 909, 912 (5th Cir. 1999); *Lucidore*, 209 F.3d at 114. The government is not limited to the existing record to rebut any showing the petitioner might make, and where the government has forgone more serious charges in the course of plea bargaining, the petitioner's showing of actual innocence must also extend to those charges. *See Bousley*, 523 U.S. at 624; *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).

The State is not bound by the "on or about"

---

[1] After granting a COA in this case, we held that a claim of actual innocence does not warrant equitable tolling where the defendant has not made the requisite showing of actual innocence. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

[2] Moreover, even were we to consider Strass's argument, the instant petition would be untimely, because the duration of tolling remains insufficient, and, more importantly, we have held that a prior § 2254 petition does not toll the § 2244(d) limitations period. *See Grooms v. Johnson*, 208 F.3d 488 (5th Cir. 1999).

date alleged in the indictment,[3] and the evidence demonstrates that Strass sexually assaulted multiple victims, including the victim mentioned in the indictment, when each was under fourteen years of age. The affidavit of the victim named in the indictment discusses sexual incidents occurring over a prolonged period of time extending before his fourteenth birthday, and affidavits of other victims were sworn when the affiants were under fourteen. Strass therefore fails to demonstrate actual innocence.

AFFIRMED.

---

[3] *See Scoggan v. State*, 799 S.W.2d 679, 680 n.3 (Tex. Crim. App. 1990) ("The State is not bound by the date alleged in the indictment and may prove that an offense was committed before, on, or after [the] date alleged, so long as the date proved is a date anterior to presentment of indictment and the crime's occurrence is not so remote as to be barred by limitation."); *Walker v. State*, 4 S.W.3d 98, 104-05 (Tex. App.SSWaco 1999, pet. ref'd). Both requirements are satisfied in the case *sub judice*: The date of offense is before presentment of the indictment but within the applicable 10-year limitations period, which runs from the victim's 18th birthday. *See* TEX. CRIM. P. art. 12.01(5)(c).