UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40503
SUMMARY CALENDAR
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTONIO DEWAYNE FRAZIER,

Defendant - Appellant.

_____

On Appeal from the United States District Court for the
Southern District of Texas, Galveston Division
(G-01-CV-406)
(G-95-CR-10-03)

_____

October 15, 2002

Before REYNALDO G. GARZA, JONES, and DENNIS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal we review a district court's denial of federal prisoner Antonio Dewayne

Frazier's 28 U.S.C § 2255 motion, which was determined to be time-barred. For the following

reasons, we affirm the district court's judgment.

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

I.

On November 15, 1996, Antonio Dewayne Frazier was charged in count one of a

superseding indictment with conspiracy "to possess with intent to distribute and to distribute five

(5) kilograms or more" of cocaine and "50 grams or more of a mixture or substance which

contains a detectable amount of cocaine and cocaine base"–i.e., crack. On January 31, 1997, a

jury found Frazier guilty of count one. He was subsequently sentenced to 402 months in prison,

followed by eight years of supervised release, and a $100 special assessment was also imposed.

This Court affirmed Frazier's conviction and sentence on appeal. *See United States v. Frazier*,

No. 97-40636 (5th Cir. July 16, 1998)(unpublished).

On June 25, 2001, Frazier filed a pro se motion to vacate his sentence pursuant to 28

U.S.C. § 2255. The motion alleged that Frazier was entitled to relief under *Apprendi v. New

Jersey*, 530 U.S. 466 (2000), because the jury was not instructed to determine the drug quantity

for which he was held accountable at sentencing beyond a reasonable doubt.

After being ordered to respond by the district court, the Government did so, arguing that

Frazier's claim was procedurally barred because he failed to raise it on direct appeal.

Alternatively, the government argued that the claim should be denied on its merits because a

quantity determination was implicit in the jury's verdict, or because *Apprendi* is not retroactively

applicable on collateral review. Frazier filed a pro se response to the government's answer.

The magistrate judge subsequently issued a report recommending that the motion be

dismissed as time-barred, which was based on his determination that *Apprendi* is not retroactively

applicable to cases on collateral review. Over Frazier's objections, the district court adopted the

recommendation of the magistrate judge and dismissed the motion as time-barred. Frazier then

filed a timely notice of appeal.[2] Interpreting the notice of appeal to include a request for a certificate of appealability ("COA"), the district court granted COA regarding "whether the *Apprendi* rule should be applied retroactively to cases on collateral review and, if so, whether his Section 2255 Petition was timely filed."

After it had, *sua sponte*, granted Frazier a COA on these issues, the district court received Frazier's own Application for Certificate of Appealability, which included not only the questions regarding the retroactive application of *Apprendi*, but also a series of other issues he hoped to have reviewed on appeal. The district court, however, specifically refused to expand the issues covered by Frazier's COA, citing the fact that the court had declined to reach the merits of those issues.

## II.

The issue in this case is whether Frazier is entitled to *Apprendi* relief on collateral review. Frazier argues that the jury was not instructed to make a finding regarding drug quantity when reaching its verdict. According to Frazier, he is therefore entitled to relief under *Apprendi* because the rule announced therein should be applied retroactively to cases on collateral review.

We review the factual findings relating to a § 2255 motion for clear error and conclusions of law de novo. *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999). In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court held that, other than evidence of a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory

---

[2] Frazier had already filed a pleading labeled "Notice of Opinion," which, after construing it to be a Rule 60(b) motion for relief from judgment, the district court denied. The Rule 60(b) motion was filed within 10 days of the judgment dismissing his § 2255 motion, and therefore had a suspensive effect on the time in which he had to appeal. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

maximum must be submitted to a jury, and proved beyond a reasonable doubt." This Court considers drug quantity to be an *Apprendi* fact that must be alleged in the indictment and proved to the jury beyond a reasonable doubt if the government seeks enhanced penalties based on drug quantity. *See United States v. Doggett*, 230 F.3d 160, 164-66 (5th Cir. 2000). This Court has not yet addressed the issue of whether *Apprendi* is retroactively applicable on collateral review. Although the district court granted COA on the issue, it is unnecessary for us to reach the matter in order to resolve this appeal. Recent doctrine clearly establishes that Frazier is not entitled to *Apprendi* relief, and therefore our consideration of the arguments regarding whether or not *Apprendi* is retroactively applicable on collateral review is not called for.

Recent doctrine establishes that the fact that a jury was not explicitly instructed to make a finding of drug quantity beyond a reasonable doubt does not, itself, entitle a defendant to *Apprendi* relief. *See United States v. Cotton*, 122 S.Ct. 1781, 1786; *United States v. Green*, 293 F.3d 886, 891 (5th Cir. 2002). Although the jury instructions did not explicitly inform the jury in Frazier's case that it had to determine a specific drug amount, it did require the jury to find the three elements of the offense beyond a reasonable doubt. The instruction regarding the first element required the jury to find that the defendants made an agreement to violate the narcotics laws "as charged in the Superceding Indictment." The indictment, as noted above, charged Frazier with the conspiracy with the intent to distribute "five (5) kilograms or more" of cocaine and "50 grams or more of" crack. In addition, the jury charge restated these amounts –though it did not specifically call for a jury determination on the issue.

In a nearly identical situation, this Court held that the district court's error in failing to specifically instruct the jury on drug quantity was harmless. *See Green*, 293 F.3d at 891.

Furthermore, both the Supreme Court and this Court have held on direct appeal applying plain error review that the failure to explicitly instruct the jury regarding a drug quantity determination does not require re-sentencing where the evidence adduced at trial was overwhelming and essentially uncontroverted. *See Cotton*, 122 S.Ct. at 1786; *Green*, 293 F.3d at 891.

In Frazier's case, as in *Cotton* and *Green*, the record demonstrates more than enough evidence to establish that he was responsible for the drug quantity alleged in the indictment. Consequently, Frazier cannot establish an entitlement to *Apprendi* relief because neither his 402 month sentence nor his eight-year supervised release term exceeds the statutory maximum. *See* 21 U.S.C. § 841(b)(1)(A); *Doggett*, 230 F.3d at 165.

### III.

Frazier also raises a number of other arguments on appeal, including the following: (1) that he was entitled to a lesser included offense instruction; (2) that the conspiracy did not continue past November 1, 1987; and (3) that his trial and appellate counsel were ineffective. The scope of our review of Frazier's § 2255 motion, however, is limited to the issues specified in the COA granted by the district court. *See Lackey v. Johnson*, 116 F.3d 149 (5th Cir. 1997). In *Lackey*, the petitioner raised issues on appeal that the district court had refused to include in its COA. This Court declined "to address those issues rejected by the district court because they were outside the ambit of the COA." *Id.* at 152.

In the case at hand, the district court expressly declined to expand the scope of Frazier's COA to include the above issues. If a district court certifies some, but not all issues for appeal, a party seeking this Court's review  must expressly request a COA on the additional issues not certified by the district court. *See United States v. Kimler*, 150 F.3d 429, 430-31 (holding that a

-5-

notice of appeal is not a constructive request for review of issues refused certification by the district court where the district court certified some but not all issues). Because Frazier has not expressly requested that we expand the COA grant to include these issues, they will not be reviewed.

IV.

For the foregoing reasons the judgment of the district court is AFFIRMED.