IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2008

Charles R. Fulbruge III
Clerk

No. 07-10355
Summary Calendar

ALLEN GLENN THOMAS

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:06-CV-122

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Allen Glenn Thomas, Texas prisoner # 633145, is serving a 75-year
sentence for possession of cocaine with intent to distribute. In September 2005,
in disciplinary proceeding # 20050360419, Thomas was found guilty of
possessing contraband. As a result, Thomas lost 45 days of good-time credits
and 30 days of commissary privileges, he was placed on a 30-day cell restriction,
and his line-class status was reduced. Thomas then filed a 28 U.S.C. § 2254
application in federal court. In addition to challenging the disciplinary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

proceeding, Thomas's § 2254 application raised challenges to his conviction as well as claims of retaliation and Eighth Amendment violations.

The district court concluded that Thomas's challenges to his conviction were successive, Thomas had no constitutionally protected liberty interest in the loss of commissary privileges, his cell restriction, or his change in his line-class status, and that the loss of 45 days of good-time credits was de minimis and did not give rise to a constitutional claim. With respect to any civil rights claims, the court concluded that they were barred under the three-strikes provision of 28 U.S.C. § 1915(g). Thomas now seeks a certificate of appealability (COA) from this court.

A COA may be issued only if the petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet that standard, the movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks and citation omitted).

Thomas first challenges the district court's jurisdiction, arguing that because TDCJ-CID is not a state court, jurisdiction lies in the Dallas Division of the Northern District of Texas, where Thomas was convicted and sentenced. Thomas's argument is frivolous. Jurisdiction over a § 2254 application is proper in either the district where the applicant is in custody or the district in which the applicant was convicted and sentenced. See 28 U.S.C. § 2241(d); Carmona v. Andrews, 357 F.3d 535, 537-38 (5th Cir. 2004). Thomas is in custody within the Northern District of Texas. Further, he was convicted and sentenced within the Northern District of Texas, although in a different division. The district court plainly had jurisdiction.

With respect to the loss of commissary privileges and the cell restriction, the loss of privileges and cell restrictions are ordinary incidents of prison life and

do not give rise to a protected liberty interest. See Sandin v. Conner, 515 U.S. 472, 478, 486 (1995) (disciplinary segregated confinement did not give rise to due process claim); Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (30-day commissary and cell restriction did not implicate due process). Thomas's conclusory assertion of a reduction in class is unavailing as the effect of a classification reduction on the ability to earn good-time credits is too speculative to constitute a deprivation of a protected liberty interest. See Luken v. Scott, 71 F.3d 192, 193-94 (5th Cir. 1995). Thomas has failed to show that reasonable jurists would debate the dismissal of these claims.

As for his claims of retaliation and Eighth Amendment violations, the district court concluded that any claims of deprivation of civil rights were barred because Thomas had accumulated three strikes under § 1915(g). Thomas does not challenge the district court's conclusion, nor does he address in any substantive fashion the merits of his Eighth Amendment and retaliation claims. Accordingly, he has abandoned these issues. See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999).

However, with respect to the loss of good-time credits, Thomas has made the requisite COA showing. When a state statute bestows mandatory sentence reductions for good behavior, due process requirements apply to disciplinary proceedings that result in the loss of "good time" credits. Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974). Thus, if Thomas is entitled to mandatory supervision under Texas law, due process protections may apply to the loss of his good time credits. See Teague v. Quarterman, 482 F.3d 769, 776-77 (5th Cir. 2007). The district court concluded that a loss of 45 days was only de minimis and did not give rise to a constitutional claim. At the time the district court rendered its judgment, it did not have the benefit of our decision in Teague, in which we rejected the de minimis analysis. See Teague, 482 F.3d at 778-80. Accordingly, reasonable jurists would debate the district court's resolution of

Thomas's claim relating to the loss of his good time credits. Thus, we grant a COA solely on that issue. We deny a COA as to all other issues.

Further, as the district court should have the opportunity to address in the first instance whether Thomas is eligible for mandatory supervision and, if so, whether he was afforded due process, we vacate that portion of the judgment denying his claim regarding good time credits and we remand this matter for further proceedings consistent with this opinion. See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998) (court may grant COA, vacate judgment, and remand without requiring further briefing in appropriate case).

As a final matter, we note that in various filings in the district court and this court, Thomas has raised challenges to his conviction that have been repeatedly rejected as successive, he has raised meritless challenges to the loss of privileges that are not constitutionally protected, and he has mounted plainly frivolous attacks on the district court's jurisdiction. We caution Thomas that future repetitive filings and frivolous arguments will result in the imposition of sanctions, including monetary sanctions and limits on his access to federal courts.

COA GRANTED IN PART AND DENIED IN PART; JUDGMENT VACATED IN PART AND CASE REMANDED; SANCTION WARNING ISSUED.