# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2010

No. 07-51407
Summary Calendar

Lyle W. Cayce
Clerk

NOLAN H WEBB,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CV-747

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

On August 18, 2000, Nolan H. Webb, Texas prisoner # 1015595, was convicted of murder by jury verdict and was sentenced to 50 years of imprisonment. After his conviction was affirmed on direct appeal, Webb obtained leave to file an out-of-time petition for discretionary review (PDR). The PDR was refused in September 2006, and Webb did not seek certiorari from the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Supreme Court.  He filed the instant 28 U.S.C. § 2254 petition on August 24, 2007.

The district court dismissed the petition as barred by the applicable one-year statute of limitations, holding, in light of *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004), that the out-of-time PDR did not reinstate the direct review process for purposes of resetting the federal limitation period.  Webb now seeks a certificate of appealability (COA) to appeal that determination. A COA will not issue unless Webb makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(1)(A), (2).  When, as here, the district court's denial of federal habeas relief is based solely on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Webb argues that the district court erred by dismissing his petition rather than issuing him a stay of the limitations period.  The district court did not abuse its discretion by declining to issue a stay under these circumstances.  *See Brewer v. Johnson*, 139 F.3d 491, 492-93 (5th Cir. 1998).  Webb does not warrant a COA on this basis.  *See Slack*, 529 U.S. at 484.

After the district court dismissed Webb's petition, the Supreme Court held that when "a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet final for purposes of" the one-year limitation period.  *Jimenez v. Quarterman*, 129 S. Ct. 681, 686 (2009) (internal quotation marks omitted).  Although the district court did not have the benefit of the Supreme Court's opinion in *Jimenez*, its reliance on *Salinas* to conclude that Webb's petition was untimely was, in light of *Jimenez,* erroneous.  *See Womack v. Thaler*, 591 F.3d 757, 757-58 (5th Cir. 2009).  Thus,

2

Webb has shown that reasonable jurists would debate the correctness of the district court's procedural ruling.  Because the record before us is not sufficient to determine whether reasonable jurists could debate whether Webb has made a valid claim of a constitutional deprivation, a COA should be granted for his claims.  *See Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).

For the foregoing reasons, we DENY Webb a COA as to the district court's refusal to grant a stay of the limitations period, we GRANT Webb a COA on the question whether his petition was barred by the statute of limitations in light of *Jimenez*, we VACATE the district court's judgment, and we REMAND for to the district court to address the merits of the habeas claims in the first instance.  *See Womack*, 591 F.3d at 758; *Whitehead v. Johnson,* 157 F.3d 384, 388 (5th Cir. 1998).  We express no opinion on the ultimate disposition of Webb's § 2254 petition.