# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-10628

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2014

Lyle W. Cayce
Clerk

DONN DEVERAL MARTIN,

Petitioner–Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent–Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-447

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:*

Donn Deveral Martin, Texas prisoner # 1454022, seeks a certificate of appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254 application for federal habeas corpus relief. The district court dismissed Martin's petition for habeas relief on procedural grounds. The district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10628

adopted the magistrate judge's conclusion that because Martin's convictions became final on August 11, 2009, Martin's "petition, deemed filed on June 23, 2011, is untimely" under the one-year statute of limitations prescribed in 28 U.S.C. § 2244(d). The district court did not decide or consider the merits of Martin's constitutional claims.

We then denied Martin's motion for a COA, noting that Martin had not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Supreme Court vacated judgment on December 6, 2013, and remanded this case for reconsideration in light of its opinion in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). There, the Supreme Court held, "actual innocence, if proved, serves as a gateway through which a petitioner may pass [if] the impediment is . . . expiration of the statute of limitations." *Id.* at 1928.

In light of *Perkins*, this Court finds "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Moreover, because the district court understandably focused on the statute-of-limitations issue, we do not have an adequate record on the merits to determine whether Martin's actual-innocence claim was meritless. *See Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004). Accordingly, we GRANT the COA and REMAND this case for reconsideration of Martin's actual-innocence claim in light of *Perkins*. As to Martin's other claims, we DENY Martin's COA. We express no opinion on the ultimate disposition of Martin's § 2254 petition.