# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2014

Lyle W. Cayce
Clerk

No. 12-11021
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JARVIS DUPREE ROSS, also known as Dookie, also known as Dapree Dollars, also known as Fifty; CHARLES RUNNELS, also known as Junior; ANTONYO REECE, also known as Seven; TONY R. HEWITT, also known as Priceless T,

Defendants-Appellants

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-167-3

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jarvis Dupree Ross, Charles Runnels, Antonyo Reece, and Tony R. Hewitt appeal the sentences they received during their resentencing proceedings. These defendants were convicted by a jury of armed robbery, conspiracy to commit armed robbery, possession of firearms during and in relation to violent crimes, possession of a firearm by a convicted felon,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

kidnaping, and assault on a federal officer. Ross, Reece, and Hewitt received aggregate sentences of 3425, 1080, and 3660 months in prison, respectively. Pursuant to 18 U.S.C. § 3559(c)(1)(A)(i), Runnels received 25 life sentences, 12 of which were ordered to run consecutively, and a 120-month sentence for a felon-in-possession-of-a-firearm conviction.

In his sole ground for relief, Runnels argues that the imposition of the mandatory life sentences violated *Alleyne v. United States*, 133 S. Ct. 2151 (2013), because the enhanced minimum sentence was not based upon facts found by the jury. Because he did not raise this argument in the district court, we review for plain error. *See United States v. Salazar*, 542 F.3d 139, 147 (5th Cir. 2008). Under this standard, Runnels must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* Runnels has not made the requisite showing. *Alleyne* does not require a jury to make findings about the existence of prior convictions or to their nature as "serious violent felonies" under § 3559(c)(2)(F). *See Alleyne*, 133 S. Ct. at 2160 n.1. Additionally, Runnels has made no showing that his instant offenses would not constitute "serious violent felonies" for the purposes of § 3559(c). *See* § 3559(c)(2)(F).

Hewitt complains that the district court should have awarded him a reduction for acceptance of responsibility based on his willingness to cooperate with the Government, the Government's refusal to offer him a plea agreement, and the meritless nature of some of the original charges brought by the Government. The district court determined that under the mandate rule, it could not consider such a reduction because it was not necessitated by the

reasons for the remand.  *See United States v. Hamilton*, 440 F.3d 693, 697 (5th Cir. 2006).  Hewitt does not challenge the applicability of the mandate rule, and thus the claim is abandoned.  *See United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000).

Ross, Reece, and Hewitt assert that the district court committed procedural error by failing to take into account their post-incarceration rehabilitation, as authorized by *Pepper v. United States*, 131 S. Ct. 1229, 1241 (2011).  In imposing a sentence, a district court may not commit a "significant procedural error," such as failing to consider the 18 U.S.C. § 3553(a) factors.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  The record reflects that the district court specifically stated that it was taking into account each defendant's rehabilitation in fashioning the sentence.

In addition, Ross, Reece, and Hewitt also assert that their sentences are substantively unreasonable because the district court gave insufficient weight to their post-incarceration efforts; Hewitt also contends that the court should have given greater consideration to his troubled and difficult childhood. Although the defendants placed various favorable factors before the court, they did not object after their sentences were imposed.  We have held that a defendant's failure to object at sentencing to the reasonableness of his sentence triggers plain error review.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Even if we reviewed for an abuse of discretion, however, the arguments are unavailing.  *See Gall*, 552 U.S. at 51 (stating that the substantive reasonableness of a sentence is reviewed for abuse of discretion).

The defendants' sentences are within the applicable guidelines ranges and are presumed reasonable.  *See United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012); 18 U.S.C. § 924(c)(1)(A)(i), (C)(i), (D)(i); U.S.S.G §§ 5G1.1(a), 5G1.2(a), (d).  Their general disagreement with the propriety of their sentences

and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Gomez-Herrera,* 523 F.3d 554, 565-66 (5th Cir. 2008). Ross, Reece, and Hewitt have not demonstrated that the district court erred, much less plainly erred, by sentencing them within the guidelines ranges. *See Gall*, 552 U.S. at 51; *Peltier*, 505 F.3d at 391-92.

Accordingly, the judgments of the district court are AFFIRMED.