# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-50672

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2015

Lyle W. Cayce
Clerk

TOMAS VIZCARRA,

Petitioner-Appellant

v.

KENNETH REAGANS, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CV-159

Before DENNIS, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

On February 6, 1997, Tomas Vizcarra, Texas prisoner # 779968, was convicted by jury verdict of murder and sentenced to 99 years of imprisonment. He now seeks a certificate of appealability (COA) from this court in order to appeal from the district court's dismissal with prejudice of his 28 U.S.C. § 2254 application as time barred. We may not grant a COA unless Vizcarra makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a § 2254 application is dismissed on procedural grounds,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

such as limitations, the court should issue a COA "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his COA motion, Vizcarra argues that (1) despite his failure to file a state post-conviction application before the limitations period expired, the limitations period was tolled until his state post-conviction application was resolved; (2) his claim of actual innocence equitably tolled the limitations period; and (3) the limitations period violates the separation of powers doctrine, the Supremacy Clause, and the Suspension Clause. As his constitutional challenges are raised for the first time in this COA motion, we decline to consider them. *See Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003).

In light of *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-36 (2013), jurists of reason would find it debatable whether the district court was correct in holding that that there was no actual-innocence exception to the limitations period. To the extent that Vizcarra's underlying claims challenge the procedural adequacy of state post-conviction proceedings, he fails to raise a cognizable issue under § 2254 because "infirmities in state habeas proceedings do not constitute grounds for federal habeas relief." *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). We therefore deny his motion for a COA as to those state-law challenges. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012); *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004). As to his claims of ineffective assistance of counsel, we grant his motion for a COA as to

No. 11-50672

those claims, vacate in part the dismissal of his § 2254 application, and remand those claims for further proceedings in light of the Supreme Court's decision in *Perkins*.

COA MOTION GRANTED IN PART AND DENIED IN PART; VACATED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.