# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40362

WILLIAM W. FREY,

> Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

> Respondent - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

June 17, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CV-430

Before JOLLY, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

William W. Frey, Texas prisoner # 1718159, appeals the dismissal of his federal habeas petition, which the district court held was time-barred. Our court granted a certificate of appealability. Because the district court has not considered several of Frey's claims, we vacate and remand so that the district court may consider these claims in the first instance.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40362

## FACTS AND PROCEEDINGS

Frey was indicted in Cause No. 23030 on a charge of aggravated assault with a deadly weapon. The charging document alleged that, in February 2009, Frey cut Chastity Hanson with a knife and threatened to kill her. Frey pleaded guilty pursuant to an agreement, admitting that he had committed the offense of aggravated assault with a deadly weapon "exactly as charged in the charging instrument." Consistent with the plea agreement, the trial court in January 2010 placed Frey on deferred adjudication community supervision for a period of ten years. Frey's conditions of community supervision required, *inter alia*, that he (1) commit no new offenses; (2) perform 350 hours of community service; (3) pay a monthly community supervision fee; (4) have no contact with Chastity Hanson; and (5) complete a batterer's intervention program within nine months of sentencing. Frey waived his right to appeal, and there is no indication in the record that he pursued a direct appeal.

In February 2011, the state filed a motion to proceed with adjudication of guilt, alleging that Frey had violated the five conditions of his community supervision listed above. The alleged violations included "caus[ing] bodily injury/family violence" to Hanson on February 12, 2011. Frey pleaded "not true" to the allegations that he caused bodily injury to Hanson on February 12, that he had contact with Hanson on that day, and that he failed to complete the batterer's intervention program. He admitted to the remaining two allegations—that he failed to complete community service restitution, and that he failed to pay the monthly community-supervision fee during three months.

The trial court conducted a hearing on the motion to adjudicate guilt. At the hearing, several witnesses testified that Frey had in-person contact with Hanson during his period of community supervision. Patty Andrews, Frey's probation officer, testified that Frey did not complete the batterer's intervention program, and that she was unaware of any efforts by Frey to

2

schedule his participation in that program. Loretta Kemp, assistant manager at a Family Dollar store, testified that on February 12, 2011, Hanson entered the store crying. Kemp testified that Hanson "said that her boyfriend had kicked her out of the truck and he hit her in the nose. And she did have a red mark on her face." Kemp testified that she called the police after Hanson said her boyfriend was abusing her. Cheryl Timms, who works at the Family Dollar store, testified that she saw a man hit Hanson while Timms was standing outside the store on February 12, 2011.

Hanson testified that Frey had assaulted her with a knife, as charged in Cause No. 23030. Hanson recalled that she had reported the assault to law enforcement authorities. She admitted, however, that she later attempted to change her story and that she had created documents in which she denied that the assault had occurred. Hanson also testified that she and Frey lived together after he was released on community supervision, and she related multiple instances of abuse by Frey during that period. Hanson testified that in February 2011, he hit her on her cheek while they were outside the Family Dollar store. According to Hanson, beginning in March 2011, Frey repeatedly urged her to write statements denying that he had abused her. She also testified that Frey asked her not to come to court. She explained that she had tried to change her story "[b]ecause he had promised me the world and told me that if I got him off, then everything would be different."

Two of Hanson's children also testified at the hearing. Thomas Detro, Hanson's son, testified that he saw Frey hit his mother when they were living together. Austin Detro, another one of Hanson's sons, testified that he had never seen Frey hurt Hanson. Finally, Frey testified in his own defense. He denied hitting Hanson in February 2011. He admitted to having had contact with Hanson, but claimed it was against his will. He asserted that he had tried to stay away from Hanson and that he had moved four times in the last year

No. 13-40362

in order to avoid her, but each time she had found him. He further testified that he had lied when he pleaded guilty to the charge of assaulting Hanson.

The trial court, by an order dated May 31, 2011, granted the state's motion and adjudicated Frey guilty of aggravated assault with a deadly weapon, in violation of Texas Penal Code § 22.02(a)(2), based on his February 2009 offense. Frey was sentenced to a 20-year term of imprisonment. The state appellate court affirmed the adjudication of guilt after Frey's counsel filed an *Anders* brief. *Frey v. State*, No. 06-11-00123, 2011 WL 6774175, at *2 (Tex. App. Dec. 21, 2011) (unpublished); *see also Anders v. California*, 386 U.S. 738 (1967). Frey did not file a petition for discretionary review in the Texas Court of Criminal Appeals.

Frey filed three state habeas applications in January, April, and August 2012, asserting a variety of claims. As support for his claim of actual innocence, Frey offered an unsworn letter, purportedly by Hanson, which stated that Frey never assaulted her and that she had "lied and said [Frey] had hurt me." The letter bears a date stamp reflecting that the letter was on file with the Texas state court in December 2009. The record also contains an affidavit from Frey's sister, Wanda Crabtree, dated September 2012, in which Crabtree alleges that Hanson recanted the accusation of assault in messages on Crabtree's answering machine, in text messages, and in statements posted on Facebook.com. The Texas Court of Criminal Appeals dismissed or denied each habeas application.

In July 2012, Frey filed a habeas petition in federal court. *See* 28 U.S.C. § 2254. He claimed that: (1) the evidence was insufficient to support his guilty plea; (2) his counsel was ineffective; (3) his guilty plea was involuntary; (4) the trial court abused its discretion; (5) there was a violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (6) he was actually innocent; and (7) there was a violation of *Schlup v. Delo*, 513 U.S. 298 (1995). In an amended petition, Frey repeated

4

these claims and asserted others challenging the 2011 proceeding in which his community supervision was revoked.

The magistrate judge issued a report in which he determined that all of Frey's claims related to his guilty plea and the order placing him on community supervision, and that the statute of limitations for challenging that order had expired. *Frey v. Director, TDCJ-CID*, No. 4:12-cv-430, 2013 WL 949915 (E.D. Tex. Feb. 6, 2013). The magistrate judge noted Frey's assertion of actual innocence, but determined that "a claim of actual innocence does not toll nor excuse the deadline." *Id.* at *3. The magistrate judge therefore recommended that Frey's § 2254 petition be dismissed as time-barred. *Id.* at *4. The district court adopted the magistrate judge's report and dismissed Frey's petition as time-barred. The district court denied a certificate of appealability ("COA"). Our court granted a COA on three issues pertaining to the 2010 state court proceeding and on two issues pertaining to the 2011 state court proceeding.

## DISCUSSION

### I.    2010 Proceeding

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year limitations period for state prisoners filing federal habeas petitions. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins on the latest of several dates. Relevant here is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The limitations period is tolled during the pendency of a state habeas application with respect to the pertinent judgment or claim. *Id.* § 2244(d)(2).

Under Texas law, "a judge may defer the adjudication of guilt of particular defendants and place them on 'community supervision' if they plead guilty or nolo contendere." *Tharpe v. Thaler*, 628 F.3d 719, 722 (5th Cir. 2010)

No. 13-40362

(citing Tex. Code Crim. P. art. 42.12, § 5(a)). If the defendant violates a condition of his community supervision, the court holds a hearing to determine whether it should impose a judgment of guilt. *Id.* If the court convicts the defendant, it also sentences him. *Id.* Two distinct limitations periods then apply for the filing of habeas petitions. One limitations period applies to claims relating to the deferred adjudication order, and another limitations period applies to claims relating to the adjudication of guilt. *Id.* at 724; *see also Caldwell v. Dretke*, 429 F.3d 521, 526-30 (5th Cir. 2005).

This court reviews de novo an order dismissing a habeas petition as time-barred under AEDPA. *Mathis v. Thaler*, 616 F.3d 461, 473 (5th Cir. 2010). The state trial court entered its deferred adjudication order on January 8, 2010. Because Frey did not appeal that order, the judgment became final on February 8, 2010,[1] at which time the one-year limitations period began to run. *See Caldwell*, 429 F.3d at 529, 530 & n.21; Tex. R. App. P. 26.2(a) (where the defendant does not file a motion for a new trial, "[t]he notice of appeal must be filed . . . within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order"). More than one year elapsed before Frey filed his § 2254 petition in July 2012, even when we toll the time during which Frey's state habeas petitions were pending, beginning in January 2012. Therefore, the district court properly determined that Frey's § 2254 petition was not timely as to claims relating to the 2010 state court proceeding. *See* § 2244(d)(1).

After Frey filed his notice of appeal, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" despite the expiration of the statute of limitations applicable to federal habeas applications. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Court

---

[1] February 7, 2010, thirty days after January 8, 2010, fell on a Sunday.

No. 13-40362

nevertheless cautioned that "tenable actual-innocence gateway pleas are rare." *Id.* The district court, writing in advance of *Perkins*, did not evaluate Frey's claim of actual innocence. Our court granted a COA on the question of whether the district court or our court should determine in the first instance whether Frey has stated a sufficient claim of actual innocence to allow his claims relating to the 2010 proceeding to be decided on the merits.

*Perkins* itself suggests that claims of actual innocence should generally be decided by the district court in the first instance. *See id.* (holding that the actual innocence gateway to federal habeas review requires the petitioner to "'persuade[] the *district court* that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt'" (emphasis added) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). In other recent cases, where the district court dismissed a habeas petition as time-barred before *Perkins*, we have remanded for the district court to consider an actual innocence claim in the first instance in light of *Perkins*. *See Vizcarra v. Reagans*, 600 F. App'x 942 (5th Cir. 2015); *Martin v. Stephens*, 563 F. App'x 329 (5th Cir. 2014). Indeed, in other contexts, where relevant binding decisions were issued after the district court ruled, we have remanded the case for reconsideration of the party's claims in light of the intervening decision. *See Thomas v. Quarterman*, 272 F. App'x 406, 409 (5th Cir. 2008) (at the COA stage, remanding for reconsideration of inmate's due process claim in light of intervening circuit case); *United States v. Montes*, 65 F.3d 42, 43 (5th Cir. 1995) (remanding after an intervening circuit case articulated a different standard for "excusable neglect" under Federal Rule of Appellate Procedure 4(b)); *see also Meadaa v. K.A.P. Enters., L.L.C.*, 756 F.3d 875, 885 (5th Cir. 2014)

7

No. 13-40362

(remanding for reconsideration of veil piercing liability in light of intervening Louisiana Supreme Court decision).[2]

While the Respondent argues that the interest in judicial economy supports a decision on actual innocence by our court, we decline to decide Frey's claim of actual innocence in the first instance. We express no opinion as to the merits of Frey's claim of actual innocence, nor as to the Respondent's argument that Frey is precluded from raising such a claim because he consented to "the destruction of any evidence seized in connection with his arrest and prosecution," and we leave to the district court the decision of whether to hold an evidentiary hearing. *See Schlup*, 513 U.S. at 331–32.

## II.    2011 Proceeding

Our court granted a COA on the questions of whether Frey's claims pertaining to the 2011 proceeding were timely, and if so, whether he "stated a valid claim of the denial of a constitutional right" as to these claims. While the district court construed Frey's pleadings as challenging only the 2010 proceeding, those pleadings, liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), also challenge the 2011 proceeding on the grounds of ineffective assistance of counsel and *Brady* violations.[3] First, Frey's pleadings alleged that his counsel was ineffective in the 2011 proceeding because his

---

[2] It is true that our court, albeit not in the *Perkins* context, has sometimes decided and rejected actual innocence claims in the first instance. *See e.g., United States v. Torres*, 163 F.3d 909, 912 (5th Cir. 1999). *But see United States v. Jones*, 172 F.3d 381, 385 (5th Cir. 1999) (remanding for a determination of actual innocence). In the instance circumstance, we elect to allow the district court to consider Frey's claim in the first instance. *See Ramsukh v. INS*, 203 F.3d 827, at *2 (5th Cir. 1999) (unpublished) ("[W]e believe that sound and orderly judicial procedure counsel remand to the district court to address in the first instance the merits, if any, of the petition.").

[3] Although this court's order granting a COA suggested that Frey also challenged the 2011 proceeding on the basis that there was insufficient evidence to revoke his community supervision, we do not believe Frey's pleadings in the district court can be fairly construed to raise that claim. We therefore will not consider that argument. *See Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003).

counsel "failed to prepare any trial strategy" or interview witnesses. Frey also alleged that his counsel was ineffective in failing to file motions for discovery or subpoena a parole officer. Frey further faulted his counsel for failing to object, at the 2011 hearing, to the admission into evidence of CDs containing Frey's phone calls from prison, for failing to review these CDs, and for failing to request that the CDs be transcribed. With respect to Frey's *Brady* claim, Frey alleged that Hanson was previously convicted of filing false police reports, and that the prosecutor failed to provide him with that information. Frey further alleged that the prosecutor failed to notify the defense that Hanson had previously recanted her testimony, and that she initially refused to appear in court in Frey's case. Because Hanson testified at the 2011 hearing, these claims are fairly construed as relating to that proceeding. Frey reiterated the same challenges in his objections to the magistrate judge's report, and in his brief in support of a COA in this court.[4]

Although the Respondent argues that Frey did not challenge the 2011 proceeding in district court, the Respondent concedes that any such challenge would have been timely. Frey's conviction was affirmed on December 21, 2011, *see Frey*, 2011 WL 6774175, and became final shortly thereafter. He filed his § 2254 petition in July 2012, within the one-year limitations period. Respondent argues, however, that Frey's *Brady* claim is procedurally defaulted because Frey did not raise that claim in his state habeas petitions. *See Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (noting that "[a]pplicants seeking habeas relief under § 2254 are required to exhaust all claims in state

---

[4] The Respondent argues that our panel lacks authority to reconsider the district court's construction of the pleadings because a COA was not expressly granted on the issue of that construction. However, the question on which a COA was granted—whether Frey stated valid claims with respect to the 2011 proceedings—contemplates our review of the district court's construction of the pleadings.

court prior to requesting federal collateral relief," and that "[t]he exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court"). The Respondent also argues that Frey's claims lack merit.

We have remanded cases to the district court to allow that court to decide habeas claims in the first instance. *See Webb v. Thaler*, 384 F. App'x 349, 350 (5th Cir. 2010) (finding that the district court erred in its procedural ruling and remanding for "the district court to address the merits of the habeas claims in the first instance"); *Thomas*, 272 F. App'x at 409 (holding that the district court applied an erroneous standard to petitioner's habeas petition and remanding for the district court to apply the correct standard in the first instance); *Ramsukh*, 203 F.3d 827, at \*2 (holding that the district court erred in finding that it lacked jurisdiction to consider a habeas petition, and remanding for consideration of the habeas claim on the merits, stating that even though the facts "suggest[] that Ramsukh's petition is or will ultimately be determined to be wholly lacking in merit, we believe that sound and orderly judicial procedure counsel remand to the district court to address in the first instance the merits, if any, of the petition"). *But see Amos v. Thornton*, 646 F.3d 199, 203 n.4 (5th Cir. 2011) (deciding, in the first instance, that petitioner was not entitled to relief on the merits and that therefore the district court's error in applying the doctrine of procedural bar was harmless). We believe a remand is the prudent course of action here; on remand, in addition to considering Frey's claim of actual innocence, the district court should consider (1) whether Frey properly exhausted his two challenges to the 2011 proceedings, and (2) if so, whether Frey is entitled to habeas relief on either of these claims. *See Sonnier v. Johnson*, 161 F.3d 941, 942 (5th Cir. 1998).

No. 13-40362

## CONCLUSION

We VACATE the district court's judgment, and we REMAND for proceedings consistent with this opinion. We express no opinion on the ultimate disposition of Frey's § 2254 petition.