# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-70005

WALTER ALEXANDER SORTO,

        Petitioner–Appellant,

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

        Respondent–Appellee.

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2018

Lyle W. Cayce
Clerk

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-613

---

ON PETITION FOR REHEARING

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

On December 1, 2016, this Court issued a nondispositive opinion denying certificates of appealability with respect to Petitioner–Appellant Walter Alexander Sorto's *Miranda* and ineffective assistance of counsel claims. *Sorto v. Davis*, 672 F. App'x 342 (5th Cir. 2016) (per curiam). The opinion reserved

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment on the issue of whether the district court abused its discretion in denying requests for funding that would have enabled Sorto to obtain testing to determine whether he has an intellectual disability. *Id.* at 344. We issued an opinion on that issue. *Sorto v. Davis*, 859 F.3d 356 (5th Cir. 2017). Respondent–Appellee Lorie Davis, the director of the Texas Department of Criminal Justice, Correctional Institutions Division (the "Director") filed a petition for rehearing en banc. After considering the Director's petition, we granted panel rehearing and withdrew the prior opinion. *Sorto v. Davis*, 881 F.3d 933 (5th Cir. 2018) (mem. op.).

On March 21, 2018, the Supreme Court issued *Ayestas v. Davis*, which rejected our Circuit's standard for determining whether investigative funds pursuant to 18 U.S.C. § 3599(f) are "reasonably necessary." *See* No. 16–6795, 2018 WL 1402425 (Mar. 21, 2018). Because the district court has not had the opportunity to consider how *Ayestas* might apply to the denials of funding in this case, we believe the issue is best considered by the district court in the first instance. *See, e.g.*, *Frey v. Stephens*, 616 F. App'x 704, 708 (5th Cir. 2015) (noting that we have remanded habeas cases for reconsideration "where relevant binding decisions were issued after the district court ruled"); *Thomas v. Quarterman*, 272 F. App'x 406, 409 (5th Cir. 2008) (remanding for consideration of an intervening circuit case). Accordingly, we VACATE the district court's denials of funding and REMAND for its consideration of its denials of funding in light of *Ayestas*.