# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-70013

United States Court of Appeals
Fifth Circuit

**FILED**
July 5, 2018

Lyle W. Cayce
Clerk

MARK ROBERTSON,

      Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

      Respondent - Appellee

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-728

---

Before CLEMENT, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

On December 21, 2017, this court issued a nondispositive opinion denying a certificate of appealability with respect to Mark Robertson's claim that his death sentence was based on materially inaccurate evidence. *Robertson v. Davis*, 715 F. App'x 387 (5th Cir. 2017). The panel reserved

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment on whether the district court abused its discretion in denying funding requests under 18 U.S.C. § 3599(f).

On March 21, 2018, the Supreme Court issued *Ayestas v. Davis*, which rejected our Circuit's standard for determining whether investigative funds pursuant to § 3599(f) are "reasonably necessary." *See* 138 S. Ct. 1080 (2018). Because the district court has not had the opportunity to consider how *Ayestas* might apply to Robertson's requests—and the district court's subsequent denials—for funding, we believe the issue is best considered by the district court in the first instance. *See, e.g.*, *Sorto v. Davis*, 716 F. App'x 366, 366 (5th Cir. 2018); *Frey v. Stephens*, 616 F. App'x 704, 708 (5th Cir. 2015) (noting that we have remanded habeas cases for reconsideration "where relevant binding decisions were issued after the district court ruled").

Accordingly, we VACATE the district court's denial of funding and REMAND for reconsideration in light of *Ayestas*.