# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2022

Lyle W. Cayce
Clerk

No. 17-11156

United States of America,

*Plaintiff—Appellee*,

*versus*

Charles Runnels,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-279

Before Davis, Duncan, and Oldham, *Circuit Judges*.

Per Curiam:*

Charles Runnels, federal prisoner # 37469-177, appeals the district court's judgment denying as untimely his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. He argues, and the Government agrees, that seven of his convictions for using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), should be vacated

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 17-11156

because the underlying crime, conspiracy to commit bank robbery under 18 U.S.C. §§ 371 and 2113, is no longer a "crime of violence" under Supreme Court and this Court's precedent.[1] Runnels additionally argues that the life sentences the district court imposed pursuant to the federal "three-strikes" law, 18 U.S.C. § 3559(c), should be vacated because his prior state convictions no longer qualify as "serious violent felonies" under Supreme Court precedent.

For the reasons set forth below, we REVERSE IN PART, VACATE IN PART, and REMAND. Because conspiracy to commit bank robbery no longer qualifies as a "crime of violence" under § 924(c), we REVERSE the district court's judgment denying Runnels § 2255 relief as to his seven § 924(c) convictions predicated on conspiracy to commit bank robbery and REMAND for correction of the criminal judgment. As to Runnels's challenge to the life sentences imposed under § 3559(c), we VACATE the district court's judgment denying that claim as untimely and REMAND to allow the district court to reconsider its ruling, as well as to address the merits of Runnels's § 3559(c) arguments, the Government's procedural default defense, and whether any exception to the defense applies in light of intervening decisions issued during the pendency of this appeal.

---

[1] As set forth in detail in our opinions in *United States v. Duffey*, 456 F. App'x 434 (5th Cir. 2012), and *United States v. Ross*, 582 F. App'x 528 (5th Cir. 2014) (per curiam), Runnels and his co-defendants were convicted by a jury of numerous crimes committed during a bank robbery spree in the Dallas-Fort Worth area from January to June of 2008. Runnels is now serving 25 life sentences, 12 of which were ordered to run consecutively, and a 120-month concurrent sentence. *See id.* at 528.

No. 17-11156

## I.

On appeal from the denial of a § 2255 motion, this Court reviews questions of law de novo.[2] Section 924(c) criminalizes using or carrying a firearm during and in relation to a crime of violence, as well as possessing a firearm in furtherance of a crime of violence.[3] The statute defines a crime of violence as a felony offense that (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," also known as the "elements clause" or "force clause," or (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," also known as the "residual clause."[4]

As both parties note, our recent decision in *United States v. Reece* involved an appeal from the denial of a § 2255 motion filed by one of Runnels's co-defendants, Antonyo Reece.[5] Like Runnels, Reece argued in the district court that his three bank robbery conspiracies no longer constituted predicate crimes of violence for the related § 924(c) convictions because the residual clause of § 924(c)(3)(B) was unconstitutionally vague in light of the Supreme Court's decision in *Johnson v. United States*.[6] In *Johnson*, the Court held that a similarly worded, although not identical, residual clause defining "violent felony" in the Armed Career Criminal Act

---

[2] *See* 938 F.3d 630 (5th Cir. 2019).

[3] § 924(c)(1)(A).

[4] § 924(c)(3)(A), (B).

[5] 938 F.3d at 630.

[6] 576 U.S. 591 (2015).

No. 17-11156

("ACCA"), § 924(e)(2)(B)(ii), was unconstitutionally vague and that imposing an increased sentence under that provision violated due process.[7]

While Reece's appeal was pending, the Supreme Court issued two decisions applying *Johnson*. In *Sessions v. Dimaya*,[8] the Supreme Court abrogated this Court's decision in *United States v. Gonzalez-Longoria*[9] to hold that the residual clause in the definition of "crime of violence" set forth in 18 U.S.C. § 16(b) was impermissibly vague under the principles set forth in *Johnson*.[10] And then, in *United States v. Davis*,[11] the Supreme Court affirmed this Court's decision holding the residual clause in § 924(c)(3)(B), the specific statute at issue in Reece's and this case, impermissibly vague under *Johnson* and *Dimaya*.[12]

After discussing the above Supreme Court precedent, this Court in *Reece* determined that *Davis* announced a new rule of constitutional law that applied retroactively to cases on collateral review.[13] We further held that conspiracy to commit bank robbery does not qualify as a crime of violence under the "elements clause" of § 924(c)(3)(A) because the Government "was not required to prove any element regarding the use, attempted use, or threatened use of physical force."[14] Because conspiracy to commit bank

---

[7] *Id.* at 593-97.

[8] 138 S. Ct. 1204 (2018).

[9] 831 F.3d 670 (5th Cir. 2016) (en banc), *abrogated by Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In *Gonzalez-Longoria*, we held that the residual clause of 18 U.S.C. § 16(b) was not unconstitutionally vague under *Johnson*.

[10] 138 S. Ct. at 1210.

[11] 139 S. Ct. 2319 (2019).

[12] *Id.* at 2326-27.

[13] *Reece*, 938 F.3d at 634-35.

[14] *Id.* at 636.

robbery qualified only under the now-invalidated residual clause of § 924(c)(3)(B), this Court vacated Reece's § 924(c) convictions predicated on conspiracy to commit bank robbery and remanded for resentencing.[15]

The Government agrees with Runnels that this Court similarly should vacate Runnels's conspiracy-predicated § 924(c) convictions.[16] As our decision in *Reece* is directly applicable here, we REVERSE IN PART the district court's judgment denying Runnels's § 2255 motion as to his seven conspiracy-predicated § 924(c) convictions and REMAND for correction of the criminal judgment.

## II.

Runnels also challenges the life sentences the district court imposed pursuant to the federal "three-strikes" law, 18 U.S.C. § 3559(c). Section 3559(c)(1)(A)(i) provides that a defendant must receive a life sentence if he is convicted of a "serious violent felony" and has two or more prior convictions for serious violent felonies. The statute defines serious violent felony as (1) one of a list of enumerated "Federal or State offense[s]," also known as the "enumerated offense clause"; (2) an "offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another[,]" also known as the "elements clause" or "force clause"; or (3) an offense "that, by its nature, involves a substantial risk that physical

---

[15] *Id.*

[16] The Government has withdrawn its affirmative defenses of untimeliness and procedural default with respect to Runnels's challenge to his conspiracy-predicated § 924(c) convictions but has not done so with respect to Runnels's challenge to his life sentences under § 3559(c).

No. 17-11156

force against the person of another may be used in the course of committing the offense[,]" also known as the "residual clause."[17]

Runnels asserts that the life sentences imposed under § 3559(c) should be vacated because his prior state convictions qualify as serious violent felonies only under the residual clause of § 3559(c)(2)(F), which he contends is impermissibly vague under *Johnson*, *Dimaya*, and *Davis*. In the district court, Runnels argued that his challenge to the residual clause in § 3559(c)(2)(F)(ii) was timely under § 2255(f)(3). Under § 2255(f)(3), a § 2255 motion is timely if filed within a year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Runnels asserted his claim was timely because he filed it within a year of *Johnson*.

The district court disagreed, determining that Runnels's motion was not timely under § 2255(f)(3) because *Johnson* was inapplicable. In doing so, the district court relied on precedent from this Court noting that the residual clauses of § 16(b) and § 924(c)(3)(B) were "differently worded" from the residual clause of the ACCA held unconstitutionally vague in *Johnson* and holding that those clauses were not unconstitutionally vague.[18] As detailed above, however, during the pendency of this appeal, the Supreme Court issued its decision in *Dimaya*, abrogating the precedent relied upon by the district court and holding that the residual clause in § 16(b) was unconstitutionally vague under the reasoning of *Johnson*.[19] Moreover, noting

---

[17] § 3559(c)(2)(F).

[18] Specifically, the district court relied on *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), which was subsequently abrogated and then vacated by the Supreme Court.

[19] *Dimaya*, 138 S. Ct. at 1223.

that the residual clause of § 924(c)(3)(B) bore "more than a passing resemblance" to the residual clauses held unconstitutional in *Johnson* and *Dimaya*, the Court in *Davis* held that the residual clause of § 924(c)(3)(B) was also unconstitutionally vague under *Johnson* and *Dimaya*.[20]

In determining that Runnels's § 2255 motion was untimely because *Johnson* was inapplicable, the district court did not have the benefit of *Dimaya* or *Davis.* When relevant binding decisions are issued after a district court has ruled, we have, in many cases, vacated and remanded the matter for reconsideration by the district court in light of the intervening decisions.[21] Furthermore, in this case, although Runnels contended that his prior convictions otherwise did not qualify as serious violent felonies under the enumerated offense or elements/force clauses of § 3559(c)(2)(F), the district court did not address the merits of Runnels's arguments, nor did it address the Government's procedural default defense or whether any exception to the defense applies. We decline to address these numerous, complex issues in the first instance and believe a remand to the district court is the prudent course of action here.[22] We further direct the district court to consider appointing counsel for Runnels in this matter.

---

[20] *Davis*, 139 S. Ct. at 2336.

[21] *See Frey v. Stephens*, 616 F. App'x 704, 708, 709-10 (5th Cir. 2015) (vacating and remanding habeas case to allow district court to reconsider ruling in light of intervening Supreme Court precedent); *Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (Although unpublished cases are not binding, they may be persuasive and instructive authority.). We note that at least one of our sister circuits has vacated a district court's ruling in a habeas case and remanded so that the district court could reconsider the case in light of *Dimaya. See United States v. Morrison*, 751 F. App'x 1026 (9th Cir. 2019).

[22] *See Frey*, 616 F. App'x at 709-10 (remanding case to allow district court to decide habeas claims in the first instance and collecting cases in which this Court has vacated and remanded under similar circumstances).

No. 17-11156

## III.

Based on the foregoing, we REVERSE IN PART the district court's judgment denying Runnels § 2255 relief as to his seven § 924(c) convictions predicated on conspiracy to commit bank robbery and REMAND for correction of the criminal judgment. We VACATE IN PART the district court's judgment denying as untimely Runnels's challenge to the life sentences imposed pursuant to § 3559(c) and REMAND to allow the district court to reconsider its ruling and to address the merits of Runnels's § 3559(c) arguments, the Government's procedural default defense, and whether any exception to the defense applies, in light of intervening decisions issued during the pendency of this appeal.

REVERSED IN PART, VACATED IN PART, AND REMANDED; MOTIONS DENIED AS UNNECESSARY; DISTRICT COURT DIRECTED TO CONSIDER APPOINTING COUNSEL.